## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY<br>on behalf of itself and all others similarly situated, | |
| Plaintiffs | Case No. 2:11-cv-00131 |
| v. | |
| AUTO PARTS INDUSTRIAL, CO., LTD;<br>CORNERSTONE AUTO PARTS, LLC;<br>GORDON AUTO BODY PARTS;<br>GORDON AUTO BODY PARTS USA CORP.<br>JUI LI ENTERPRISES COMPANY LTD.;<br>TAIWAN KAI YIH INDUSTRIAL CO., LTD.;<br>and TYG PRODUCTS, L.P. | **PLAINTIFF AUTO-OWNERS<br>INSURANCE COMPANY'S<br>MOTION FOR VOLUNTARY<br>DISMISSAL WITHOUT<br>PREJUDICE** |
| Defendants. | |

Plaintiff Auto-Owners Insurance Company (hereinafter referenced as "Plaintiff"), by and through their counsel, Roberts Law Firm, P.A., Barnow and Associates, P.C., and Ademi & O'Reilly, LLP, for its Motion for Voluntary Dismissal Without Prejudice, states as follows:

1.      Plaintiff moves to voluntarily dismiss this action without prejudice, pursuant to Fed. R. Civ. P. Rules 41(a) and 23(e). Rule 41(a)(1) provides:

> (a) Voluntary Dismissal.
> (1) By the Plaintiff.
> (A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i)  a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;
> …
> (B)  Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state court-action based on or including

the same claim, a notice of dismissal operates as an adjudication on the merits.

2.     This lawsuit has not been previously filed by the Plaintiff nor has it been certified as a class action.  In addition, none of the Defendants have filed answers or motions for summary judgment in this lawsuit.

3.     Fed. R. of Civ. P. 23(e) provides that, "The claims, issues, or defenses of a **certified class** may be settled, voluntarily dismissed, or compromised only with the court's approval." (emphasis added).  Because this case has not been certified, the limitation of Rule 23(e) does not apply in this case.

4.     Further, Fed. R. Civ. P. 23.1(c) applies to derivative actions, Fed. R. Civ. P. 23.2 applies to actions relating to unincorporated associations, and Fed. R. Civ. P. 66 applies to receivers.  This action does not involve a derivative action, an action relating to unincorporated associations, or an action involving a receiver.  Thus, none of the limitations listed in Rule 41 are applicable in this action.

5.     Therefore, pursuant to Fed. R. Civ. P. Rules 41 and 23(e), Plaintiff is not required to obtain court approval to voluntarily dismiss this action without prejudice.

WHEREFORE, for all the above reasons, Plaintiff Auto-Owners Insurance Company respectfully moves for a voluntary dismissal of the Third-Party Payor Complaint-Class Action for Damages and Injunctive Relief, without prejudice, and for all other relief deemed just and appropriate.

Dated:  February 11, 2011                    Respectfully submitted,

**/s/Michael L. Roberts**
_____
Michael L. Roberts
Richard Quintus
Stephanie Egner
ROBERTS LAW FIRM, P.A.
20 Rahling Circle
P.O. Box 241790
Little Rock, Arkansas 72223
(501) 821-5575 – Telephone
(501) 821-4474 – Facsimile

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North LaSalle, Suite 4600
Chicago, Illinois 60602
(312) 621-2000-Telephone
(312) 641-5504-Facsimile

Shpetim Ademi
David Syrios
Corey Mather
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000-Telephone
(414) 482-8001-Facsimile

*Attorneys for Plaintiff Auto-Owners*
*Insurance Company, on behalf of*
*itself and all others similarly*
*situated*

3